His Honor, JOHN.ST. PAUL,
rendered the opinion and decree of the 'Court, as follows:
Captain Max Beinhardt was second mate on the Steamer Omaha, belonging to the Carter Packet Company, at a salary of $14.00 per week.
On March 3rd, 1915, he fell overboard calling for assistance .as he did so, and struggling in the cold water for some eight or ten minutes until picked up by the crew. Whether dead or alive when so picked up no one can say, but he showed no signs of life afterwards.
The physician who examined his body within an hour afterwards declared it (from symptoms which he described' in detail) a case of drowning. But there is in the record a certificate, filed therein under no system for adducing evidence known to us, which declares that the deceased died of heart disease of long standing. This of course we might disregard. But it can have no possible bearing in this ease for we may as well mention that even if the deceased had heart disease and the shock of falling into the cold water was the immediate cause of death, (as admitted by respectable physicians) the occurrence was none the less “an accident arising out of and in the course of his employment,” within the meaning of Section 2 of Act 20 of 1914, commonly known a.s the Employer’s Liability Act.
For the falling overboard was clearly not intentional, and therefore accidental within the meaning of the Act *464 (see' Section 28). And the accident was the immediate cause of death — since but for the shock the deceased might have lived perhaps indefinitely.
“Where a man is so afflicted that he will die of such affliction within a very short time, yet if by some accidental means, his death is. caused sooner, it will be death from accident within the meaning of an accident insurance policy.”
Hooper vs. Standard Insurance Co., 148 S. W., 116.
This is in accord with the whole purpose of the act, which wa.s clearly meant not to impose a new liability on employers or fix a different measure of damages, but to distribute the damages necessarily incident to certain occupations, equitably between employer and employee, by providing as it were a compulsory scheme of insurance for the latter. In which scheme of insurance the deficiencies -of the employee, whether in skill or in health, cannot be taken into consideration without destroying at once the whole beneficient scheme. The sole inquiry which the act permits is whether the occurrence-was the immediate cause of the injury, whether it arose out of or in the course Of the employment, and whether it comes within the exceptions mentioned in Section 28 of the Act.
The amount allowed by the District Judge is correct, but it was error to allow it all in one lump sum. This will be corrected.
It is therefore ordered that the judgment appealed from be amended by making the sum of $1,050.00 allowed (in addition to funeral expenses) payable at the rate of three and 50/100 dollars ($3.50) per week, beginning March 3rd, 1915, and weekly thereafter, with legal in *465 terest from maturity until .paid; and as thus amended the judgment is affirmed at the cost, of appellant in both Courts.
Opinion and decree, May 29th, 1916.
Amended and affirmed.